Wolf v. the City of Keokuk.

AFFIRMED.

WOLF v. THE CITY OF KEOKUK.

1. **Municipal Corporation:** IMPROVEMENT OF STREET: ASSESSMENT. Under section 466 of the Code, cities are authorized to pass an ordinance assessing upon a corner lot the cost of macadamizing one-fourth of the square formed by the intersection of the streets. ADAMS, J., *dissenting.*

*Appeal from Lee District Court.*

TUESDAY, APRIL 16.

.THE plaintiff prays for an injunction restraining the city of

Keokuk from enforcing against a corner lot, which plaintiff claims to own, the cost of macadamizing one-fourth of the square occupied by the intersection of the street lying in front and along side of said lot. The petition alleges that the lot in question is of the width of fifty feet on Concert street, and of the depth of one hundred and forty feet on Thirteenth street. ·The answer in substance alleges that the city had Concert and Thirteenth streets macadamized according to law and the ordinances of said city, and by virtue of the same authority the city council levied the assessment set forth in plaintiff's petition; that such assessment was made by apportioning the expenses and costs of said improvement upon the several lots or parcels of land in said blocks in proportion to the frontage of said lots or parcels of land upon said improvement in accordance with the acts of the General Assembly, and the ordinance of said city. The answer further alleges that the lot in question extends to the center of the streets, and that it fronts eighty-three feet on Concert street. A demurrer to this answer was interposed. The abstract does not show that the court ruled upon the demurrer, the only record of the court's action being that the cause came on for hearing on the bill, answer and demurrer, and the court ordered that the bill be dismissed. The plaintiff appeals.

*Sprague & Gibbons*, for appellant.

*Craig & Collier*, for appellee.

DAY, J.—The cause was submitted to the court, and determined upon the pleadings alone. No proof of the ordinance

1. MUNICIPAL corporations : improvement of streets: assessment.

of the city of Keokuk was introduced. The court cannot take judicial notice of the ordinances of a city. *Garvin v. Wells*, 8 Iowa, 286. The answer alleges that the assessment in question was made in accordance with the acts of the General Assembly, and the ordinances of the city. Upon the pleadings we must presume that the assessment was made in accordance with the ordinances of the city. The

only question fairly presented for our consideration is this : Was the assessment made in accordance with the acts of the General Assembly? In other words, do the general laws of this State authorize a city to provide by ordinance for the assessment upon corner lots of the cost of macadamizing the inter- sections of streets? In the determination of this question, we attach no importance to the claim of the city that the lots in question extend to the center of the street. The statute provides that the city council, or trustees of any incorporated city or town, whether organized under special charter, or under the provisions of ch. 51 of the Revision of 1860, and the acts amendatory thereto, are empowered and authorized to provide by ordinance for the constructing of the sidewalks, for the curbing, paving, graveling or macadamizing of any street, avenue or alley, or any part of either of the same, and for the constructing of gutters; and such city council or trustees shall have full power and authority to provide by ordinance for the levy of special tax upon the lots or parcels of ground, or any part of either of the same, fronting upon or lying along the street, avenue or alley, which is to be improved, or is improved, for the purpose of defraying the cost thereof. See ch. 45, Laws Fourteenth General Assembly, §§ 1 and 2. This chapter is continued in force as to cities operating under special charters. Section 466 of the Code contains substantially the same provision as to cities incorporated under the general incorporation law. Does this statute authorize the passage of an ordinance for the assessment upon a corner lot of the cost of macadamizing one-fourth of the square occupied by the intersection of the streets? This question involves a determination of the meaning of the words fronting upon and lying along the street. If the streets extend in front and along side of a lot, then the lot may be said to front upon and lie along such streets. We may determine, then, the meaning of these words, by considering the relation of the streets to the lots. What idea is conveyed to the mind when it is said that a lot has a street in front of it, and one along its side? Would not any one

understand that he might, upon such streets, pass both in front of and along the side of the lot without going off of the streets? Would any one expect to find such a lot with streets stopping short at the corner, leaving a square piece of the dimensions of the width of the streets, not included within any street, and over which he could not go without a trespass? We are satisfied that such a construction would do violence to the usual understanding of the import of the terms referred to. The Revision, § 29, provides that words and phrases shall be construed according to the context, and the approved usage of the language. We think that the words fronting upon and lying along a street, as employed in the statute under consideration, mean that the lot is so situated, with reference to the streets, that it is readily accessible upon the front and the side. This meaning includes the idea that the intersection at the crossing of the streets includes the part of the street which the lot fronts and lies along. It is necessary, in the construction of this act, to include the idea of breadth. It will not do to limit the street to a mere line. The statute authorized the passage of an ordinance for the imposing of the assessment in question.

The court did not err in refusing to grant the injunction.

AFFIRMED.

ADAMS, J., *dissenting.*—It is not provided that there shall be assessed upon each lot the cost of improving that part of the street which is in front of it. To my mind, the meaning of the statute is, that the cost of the entire improvement shall be assessed upon the lots which front upon the improvement. According to this view the cost of improving the square at the intersection is to be distributed. It is a part of the street, and being such, the cost of improving it may be assessed upon lots fronting upon the street. If this view is not correct, I think the cost would fall upon the city, for I do not think that a lot can be said to front upon a square upon which it merely corners.