[No. 2301.   Decided December 14, 1896.]

G. W. FELKER, *Administrator, Appellant,* v. THE CITY
OF NEW WHATCOM, *Respondent.*

STREET IMPROVEMENTS — NOTICE—COLLECTION OF ASSESSMENTS—NAME
OF OWNER — TAX DEEDS.

Where due notice of intention to improve a certain extent of
street is given, the property owner cannot complain of want of
notice by reason of the fact that subsequently another notice is
published covering an improvement for which the former notice
was given and a continuation of such improvement, although the
subsequent publication may not afford notice for such length of
time as the law requires.

Under a city charter, which required a survey, diagram and esti-
mate of proposed street improvements to be filed in the office of
the city clerk, a notice to property owners referring to such infor-
mation on file is sufficient without setting out the materials to be
used or the character of the work proposed.

Where a city charter does not require the completion of a
street improvement before the collection of assessments therefor,
the property owners may be compelled to pay such assessments,
although the work may have never been completed, owing to the
exhaustion of the estimate made by the engineer.

The fact that a lot assessed for a street improvement was listed
in the name of " S. D. Henning" instead of *S. W. Herring,* will
not defeat the title of a purchaser of the lot at a sale ordered for the
collection of the assessment, when the property assessed was prop-
erly described.

Under the law in force in 1884, tax deeds for the sale of land for
street improvement assessments properly ran in the name of the
territory, and not of the city, as grantor.

Appeal from Superior Court, Whatcom County.—
HON. JOHN R. WINN, Judge.   Affirmed.

*John T. Pidwell, H. Julius Miller,* and *S. M. Bruce,*
for appellant.

*D. W. Freeman,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an action of ejectment prose-

cuted by G. W. Felker as administrator of the estate
of Samuel W. Herring, deceased, against the city of
New Whatcom to establish title to and recover pos-
session of lot 5 in block 33 in said city.

This land was sold in 1884 for an assessment tax
bid in by one Pettibone, and afterwards by legal con-
veyance conveyed to the city of New Whatcom.
Samuel W. Herring, who was the owner of the prop-
erty, died in 1879. In 1894 the appellant was ap-
pointed administrator of the estate of S. W. Herring,
deceased, and shortly after proceeded to bring this
action. The appellant contends that the tax deed
made to Pettibone is void and conveyed no title for
the reasons, as alleged by him. (1) That no notice
of intention to improve said streets was ever given.
(2) That the pretended notice to improve did not
inform the property owners of the materials to be
used, or of the character of work proposed, from
which an estimate of the cost could be made. (3)
That no ordinance was ever passed fixing the time
within which property owners might comply in mak-
ing the improvement. (4) That the work was never
completed and the property owners can not be com-
pelled to pay an assessment therefor. (5) That the
name and initials used in the assessment and sale of
the land are not the name and initials of the owner.
(6) That the tax deed is void upon its face in not
being made in the name of the city as grantor. The
seventh assignment, under the view we take of the
law, need not necessarily be discussed here.

No statement of facts has been settled, the case
was tried by a judge, a jury having been waived, the
judge made findings of fact which are not excepted
to, and the only question for us to determine is
whether or not the findings of fact justify the con-

clusions reached by the lower court, the lower court holding that the city of New Whatcom was the owner in fee simple of the lot in dispute and that the plaintiff has no interest whatever in said lot. The court found that the city of New Whatcom is a municipal corporation, that prior to the 22d day of August, 1879, Samuel W. Herring was the owner in fee simple of the lot; that on March 14 and 21 the city of New Whatcom caused a notice to be published in the newspaper doing the city printing. It is not necessary to set the notice out in full here, but the improvements to be made were described as follows : " To be piled and planked," and the other street " to be excavated and filled, and the whole of said streets to be sidewalked as follows," describing the width of the sidewalks on the different streets.

Appellant contends that no notice of intention to improve said street was ever given, that there were two notices published, but that the second notice made a material departure from and alteration in the first by adding the words, " between E street and the Colony Wharf Reserve;" that this made a new notice and took in new territory for improvement, and the former publication was without effect. We do not think there is any merit in this contention. The notice of the street improvement was published March 14th and 21st, and it is not disputed that the property in question was properly described in that notice, and the property which was properly described is not affected by a further publication which gives notice of an improvement not given in the first publication. Notice was given to this property owner as the law required, and if any one can complain of a want of notice it is the owners of the property which was omitted from the first notice and included only

in the last. The owner of this particular property had longer notice than the law required of the city's intention to improve this street by the publication of the notice on the 14th and 21st of March.

The next proposition, that the notice did not inform the property owner of the materials to be used, or of the character of work proposed, from which an estimate of the cost could be made, is based largely upon the decision of this court in *Buckley v. Tacoma*, 9 Wash. 253, but while we would not extend the doctrine announced in that case as against a municipal corporation, we do not think that that case is applicable to the one at bar. Under the Tacoma charter the first step required was the passing of the resolution stating the intention of the council to improve the street, and the kind of improvement to be made, but under the charter of the city of Whatcom the first step is a survey, diagram and estimate. This estimate is filed in the office of the city clerk under the provisions of section 1, ch. 9, p. 151, of the Laws of 1883 for the inspection of all persons interested, and is really the basis of the notice that is published, and the notice refers to the diagram, survey and estimate, and all the information that could be furnished by the diagram is made a part of the notice and furnished by the notice, so that the owner of the property has an opportunity to obtain all necessary knowledge as to the character and cost of the improvement. The finding shows that the city made a tabulated list of all the lands to be assessed, showing the value, etc., which was required by the law, and from this list there was no difficulty in the property owner determining how much would be assessed upon his property, that it showed what amount was proportioned against the lot in controversy, and that the same not

being paid within the time required by law, the clerk of the city, under orders of the city council, issued an order to the marshal of said city commanding him to sell said lot. Finds that said lot was never redeemed, and that the city executed to Pettibone a deed and that Pettibone went into the immediate possession of the lot under the deed.

The owner of the lot then, under these findings, we think had notice of this improvement. He had sufficient notice before the work commenced, and under § 5 of ch. 9 of the charter of the city of Whatcom, if he considered himself aggrieved by the appraisement and assessment, he could apply to the council for a modification of said assessment, which the council was authorized by law to modify as seemed to them best, and there is nothing as shown by the findings in this case that would warrant the assertion that the owner was in any way deprived of his right to make the improvement in front of his property, if he had desired to do so within the time allowed him. We fully agree with the counsel for appellant that, where there is an entire failure to perform a jurisdictional act in the time required, the city council has no authority to proceed with the work, but we do not think that the law announced is applicable to this case. It is found by the court that all the other notices relative to the improvement and required by the charter were regularly given and duly published.

The fourth assignment is that the work was never completed, and that the property owners cannot be compelled to pay an assessment therefor. On that proposition the finding of the court is —

"That all the work in assessment district No. 3 was completed, according to the aforesaid ordinances, notices, etc., excepting that no sidewalks were laid down

in said district. That as much work was done in front
of this property, the aforesaid lot 5, block 33, as any-
where in the district. That the reason the sidewalk
was not laid in accordance with the plans, specifica-
tions, notices and ordinances, was because the estimate
of the engineer was exhausted, the work being done
by days' labor. After the issuance of the certificate
of purchase to C. J. Pettibone the work was completed,
and that there is now a good sidewalk and pavement
the entire length of the streets included in district No.
3, and the same was done without additional cost to S.
W. Herring, his heirs or personal representatives, nor
is the same now a charge against this lot 5, block 33."

We do not find anything in the charter requiring
the work to be completed before the sale of the prop-
erty. The council was required to levy an assessment
when the stipulated statement had been proved. This
was done, and the assessment roll was delivered to the
city treasurer, and if the property owners did not pay
within ten days, the council was authorized to issue a
warrant of collection to the marshal and require him
to forthwith sell the property for assessments. The
finding of the court, however, in relation to the work
having been finished without any additional expense
to the owner, and that it is not a lien upon the land,
is a sufficient answer to this assignment.

It seems, however, that the property was listed in
the name of S. D. Henning instead of in the name of
S. W. Herring, and it is insisted by the appellant that
these names do not fall under the rule of *idem sonans.*
The recitals in the deed contain the name of S. D.
Tanning instead of S. D. Henning in one place, but
further on the right, title, interest and property of S.
D. Henning is conveyed by the deed, so that the only
important question to our minds is whether S. D.
Henning is sufficiently like S. W. Herring to make
them *idem sonans.*

We have examined all the authorities cited by appellant and respondent on this proposition, and we think that the discrepancy, slight as it is, between Henning and Herring, ought not to defeat the respondent's title in this case, and nearly all the cases hold that the difference in the middle initial of names is not material. A great many cases hold that it is not necessary that the property should be listed in the name of the owner at all. We held to the contrary in *Baer v. Choir*, 7 Wash. 631 (32 Pac. 776, 36 Pac. 286), but that was in the case of a general tax. It is doubtful if the same rule ought to apply in cases of street assessment.

Mr. Elliott in his work on Roads and Streets, pp. 431–2, after stating that a reasonably certain description is all that is required, because it is not just to assume that the proceedings are necessarily hostile to the interests of the property owners, because the law which authorizes them to levy the assessment proceeds upon the theory that the improvement is for the benefit of the owners of the property assessed, goes on to say:

"The persons against whose property the assessment is directed should be identified in some appropriate method, and this is generally done by naming them. It is obvious, however, that it is not always possible to accurately name the owners, and where this is so it seems unjust to deny any force to the assessment. If the property is well described and the officers have done all that reasonable diligence enabled them to do, the assessment should be upheld. Immaterial inaccuracies in naming the owners ought not to be allowed to defeat the proceedings. Where the assessment is made by a municipal corporation, and for the improvement of a street, there is much reason for giving little weight to errors in names if the property assessed is properly described, since from

the nature of the proceedings and the character of the improvement it is hardly conceivable that an owner can be ignorant of what has been done, and if he knows the facts, he must know, as matter of law, that his property is liable for the assessment."

We think the deed was properly made, under the provisions of the law, in the name of the territory. With this view of the legality of the tax title it becomes unnecessary to enter into a discussion of the questions raised in defense by the respondent.

The judgment will be affirmed.

HOYT, C. J., and SCOTT, ANDERS and GORDON, JJ., concur.