T. B. PERRY, Appellant, v. THE CITY OF ALBIA.

**Municipal corporations:** STREET IMPROVEMENT: INTERSECTIONS: AS-
SESSMENT OF COST. The statutes relating to the improvement of
streets and assessment of the cost against abutting property con-
template that the cost of paving street intersections shall be con-
sidered in connection with the entire improvement and taxed
to the entire property abutting on that part of the street improved,
though not situated at the corner of the intersection.

*Appeal from Monroe District Court.*—HON. D. M. ANDER-
SON, Judge.

SATURDAY, JUNE 8, 1912.

THE facts are stated in the opinion.—*Affirmed.*

*Mabry & Hickenlooper* and *T. B. Perry* for appellant.

*Charles E. Miller,* City Attorney, and *Fred Town-
send* for appellee.

SHERWIN, J.—Washington avenue, in the city of
Albia, is an east and west street, and A street is a north
and south street crossing Washington avenue. The plain-
tiff is the owner of land abutting Washington avenue on
the north, west of A street, but not reaching to A street.
Some years ago, Washington avenue was paved from the
east to the east line of A street, where the improvement
stopped. In the fall of 1910, the city paved Washington
avenue from the east line of A street west past the plain-
tiff's property to the east line of C street, where the im-
provement again stopped. The cost of paving the inter-
section of Washington avenue and A street was treated

as a part of the whole improvement of Washington avenue west from the east line of A street, and was taxed to the entire property abutting Washington avenue west of A street to C street. The appellant contends that his property is not liable for any of the cost of paving the intersection of Washington avenue and A street, because of the fact that no part of his property abuts said intersection, and, as stated by him, because his property receives no special benefit from the paving of such intersection.

Code, section 792, provides that the cost of paving a street may be assessed to the abutting property, and section 792-a of the Code Supplement of 1907 provides that the costs so assessed shall not exceed the special benefits conferred upon the property by the improvement. Section 817 says that the cost of street improvements at intersections of streets may be assessed against the property abutting or fronting upon that portion of the street so improved in proportion to the linear feet fronting or abutting upon such improvement. We are of the opinion that the word "improvement," as here used, includes the entire work under construction on a particular street, and that its meaning can not be limited to the work done directly in front of a particular parcel of ground. That such is the intent of the statute is apparent from the language used in section 817, which says that the cost of street intersections may be assessed against property fronting or abutting upon that portion of the street so improved in proportion to the linear front feet fronting or abutting upon such improvement. While a corner lot may, in a sense, be said to abut a street intersection, it can not ordinarily be said to front thereon. But, in any event, there can be no linear front feet fronting or abutting the intersection. It follows, then, that unless we entirely disregard a part of the material language used in section 817, there is no escape from the conclusion that property abutting that portion of the street improved,

though not at the corner of the intersection may be assessed for its proportion of the cost of the intersection. See *Wolf v. City of Keokuk*, 48 Iowa, 129; *Kendig v. Knight*, 60 Iowa, 29; *Millan v. City of Chariton*, 145 Iowa, 648.

When the question of benefits is considered, it is the benefit conferred by the entire improvement that is to be determined. A parcel of ground fronting a street might be damaged rather than benefitted by the construction of a pavement only in front thereof. It is also true that paving a street only between cross-streets might prove a detriment rather than a benefit to the property fronting such street. In other words, an intersection is as important as any other part of the street, and the improvement of a street is not complete unless it covers such intersection. And if the improvement, as a whole, is of special benefit to the ground abutting thereon, it follows that the improvement of the street intersections confers, at least, some special benefit. It might not be possible to exactly estimate such benefit, if separated from the benefit conferred by the entire improvement; but it is there nevertheless, and can be as fairly estimated as any other part thereof. The authorities relied upon by appellant are not controlling, because of the change in the statute relating to these special assessments. The judgment is *affirmed*.