W. G. SHIREY ET UX. (MRS. MURRELL ADAMS ET AL.) V. WEST TEXAS CONSTRUCTION COMPANY.

No. 6439. Decided October 30, 1935.
(86 S. W., 2d Series, 1115.)

*G. W. Dunaway,* of Midland, for plaintiffs in error.

Except for the Statute of Frauds a parol gift of land was valid. Sullivan v. Dimmitt, 34 Texas, 114; Reddin v. Smith, 65 Texas, 26; Simpson v. Green (Com. App.), 231 S. W., 375; Jackson v. Piper, 28 S. W. (2d) 240.

Homestead rights in land can be based upon a parol agreement to purchase. Dotson v. Barnett, 41 S. W., 99; Tracy v. Harbin, 89 S. W., 999.

*Goggans & Ritchie* and *Mart W. Reeves,* all of Dallas, for defendants in error.

To constitute a valid parol gift inter vivos there must be possession by donee with the knowledge and consent of donor plus permanent and value improvements made by the donee with knowledge and consent of donor, relying upon such gift. Webb v. City of Fort Worth, 23 S. W. (2d) 791, writ of error dismissed; Lindsley v. Lewis, 125 Texas, 630, 84 S. W. (2d) 994.

MR. JUDGE HICKMAN delivered the opinion of Commission of Appeals, Section A.

For the opinion of the Court of Civil Appeals in case see West Texas Construction Co. v. Adams, 54 S. W. (2d) 547. We have carefully considered the record and find that each question presented was correctly decided by that court. To the authorities there cited on the question of the validity of the assessment we add, Griffith v. City of Waxahachie (Com. App.), 276 S. W., 201. A further discussion of the case would serve no useful purpose.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by Supreme Court October 30, 1935.

The opinion of the Court of Civil Appeals by MR. ASSOCIATE JUSTICE WALTHALL follows:

Appellant, West Texas Construction Company, brought this suit against Mrs. Murrell Adams, alleging her to be the same person as Mrs. Norrell Adams, and husband, C. D. Adams, W. G. Shirey and wife, Katie Shirey, asking judgment against Mrs. Murrell Adams for the amount of this debt, interest and attorney fees, and the foreclosure of its special assessment lien against all appellees, by reason of a levy on lots 7, 8 and 9, in Block 156, South Addition to the City of Midland, Texas, the indebtedness stated to be the sum of $473.94, and being for the pro rata part of the cost of paving a portion of Main Street in said City of Midland, said City on June 3, 1930, having issued to appellant a certificate of said special assessment levied by said City on November 12th, 1929, pursuant to and in compliance with the provisions of Chapter 106, Acts of 1927, of the First Called Session of the Fortieth Legislature, shown as Article 1105b, of the Revised Civil Statutes, 1925. Appellant alleged a default in the payment of the first installment due and that it declared the entire amount due and placed in the hands of its attorneys for collection.

Appellees answered by general demurrer, and special exceptions, and further say that by reason of the facts stated the special assessment, if levied, did not constitute an obligation against any of appellees; that prior to the paving assessment levy appellees Shirey and wife had become bona fide purchasers of said property, without notice; that at the time the street in question was paved and at the time the assessment was levied said property was the homestead of appellees Shirey and wife, and that they did not authorize or agree to said improvement being made. Appellees further answered that the assessment was void and did not create a lien upon said property for the reason that the owner of said property was not properly named in the assessment, and for that reason appellees were not obligated to take notice of any assessment against said property.

At the conclusion of the evidence the court instructed the verdict for appellees, and entered judgment for appellees, from which judgment appellant duly prosecutes this appeal.

OPINION.

In the city ordinance making said special assessment against the several parcels of property abutting upon the street and against the owners of said property and fixing the charges against the respective parcels of property, the property in

question was assessed in the name of Murrell Adams instead of Norrell Adams, appellee's name.

■ By its first proposition appellant submits that a special assessment levied by the City of Midland under said Chapter 106, of the Acts of 1927, of the First Called Session of the Fortieth Legislature, shown as Article 1105b, Revised Civil Statutes, 1925, is by force of law a valid lien against the property so assessed, and a personal liability of the true owner thereof, though the owner of the property is incorrectly named in the assessment.

Section 6 of said Chapter 106, Acts of 1927, First Called Session of the Fortieth Legislature, reads in part as follows:

"Any assessments against abutting property shall be a first and prior lien thereon from the date the improvements are ordered, and shall be a personal liability and charge against the true owners of such property at said date, whether named or not. The Governing Body shall have power to cause to be issued in the name of the City assignable certificates in evidence of assessments levied declaring the lien upon the property and the liability of the true owner or owners thereof whether correctly named or not and to fix the terms and conditions of such certificates."

The assessment was levied pursuant to the statute. The rule requiring the name of a property owner to be given in making an assessment is a rule of statutory origin, and where the Legislature does not require that the name of the owner be given, and if not correctly given by express statutory provision, it does not invalidate the assessment. We see no reason why the full effect may not be given the statute. The statute expressly makes three distinct statements, (1) the assessment levy creates a first and prior lien on the property; (2) the lien attaches from the date the improvements are ordered; (3) the assessments fix a personal liability and charge against the owner of the property at the date the improvements are ordered. The error in making the assessment in the name of Murrell Adams when the true name of the owner is Norrell Adams, is not shown to have prejudiced appellees in any way, and there is nothing shown in the record to break the prima facie assessment levy lien, or the personal liability of the owner of the date of the improvements, unless it be the homestead claim of appellees Shirey and wife, which we will consider later.

Our statute is of recent origin and we have found no case

in this State involving the question presented. Like questions, under similar statutes in other states, have been before the courts, and the view, as above, has uniformly been upheld. Kendig v. Knight, 60 Iowa, 29, 14 N. W., 78; West Chicago St. Ry. Co. v. People, 156 Ill., 18, 40 N. E., 605; Chicago R. I. & P. Ry. Co. v. City of Ottumwa, 112 Iowa, 300, 83 N. W., 1074; Langan v. Bitzer (Ky.), 82 S. W., 280; Cohen v. City of Alameda, 124 Cal., 504, 57 Pac., 377; Felker v. City of New Whatcom, 16 Wash., 178, 47 Pac., 505. The tenor of the holdings seems to be that where the assessment is made by the municipal corporation, and for the improvement of the street, there is much reason for giving little weight to errors in names of the owners if the property assessed is properly described, since from the nature of the proceedings and the character of the improvement it is hardly conceivable that an owner can be ignorant of what has been done; and, if he knows the facts, he must know, as a matter of law, that his property is liable for the assessment.

Under the express provision of the law as above the lien of the special assessment "attaches to the property assessed upon the date the improvements are ordered," in this instance, on the 29th day of October, 1929, that being the date of the ordinance ordering the improvements on Main Street on which the property involved here abut. Anderson, et al. v. Brandon, et al., 121 Texas, 188, 47 S. W. (2d) 261; Claxton, et al, v. Brandon, et al., 121 Texas, 184, 47 S. W. (2d) 263.

The question is presented whether the property in question was the homestead of Shirey and wife on the 29th day of October, 1929, the time the assessment was levied on the property.

Appellees' pleading states, in effect, and the evidence shows, that prior to the matters involved here the property was owned by appellees C. D. Adams and wife, Norrell Adams. C. D. Adams did not testify.

Mrs. Norrell Adams testified she acquired the property in 1927; took title in her name. Adams and wife sometime before October, 1929, indicated to Shirey and wife, by parol, that Mrs. Adams would make a gift of the property to Mrs. Shirey; that Mrs. Shirey could have the property in October. Mr. and Mrs. Adams made no delivery of the property to Shirey and wife but vacated the property before October. Shirey and wife accepted the property as a gift. The property remained vacant from some time before October, 1929, until Shirey and wife moved into the property in February, 1930.

Adams and wife executed a deed to Shirey and wife on May 29th, 1930, and which deed was filed for record on March 14th, 1932. No kind of contract, memorandum of gift or sale, or anything like that was given before the deed was actually given. Shirey and wife lived at Mineola, Texas, up to the time they moved into the property in February, 1930.

Mrs. Norrell Adams having had title to the property, the title remained in her until the title passed from her to Shirey and wife, and to sustain a claim of homestead in property one must have either a legal or equitable title to the property. As we view the facts, the transaction as to title as it stood on October 29th, 1929, was merely a parol promise of the owners to give the property to Mr. and Mrs. Shirey, or to Mrs. Shirey. Shirey and wife had the right to take possession but they did not do so, and the property remained vacant for several months next thereafter.

■ To constitute a valid gift of land inter vivos, there must be a gratuitous and absolute transfer of the property from the donor to the donee, taking effect immediately, as distinguished from a mere expression of intention to make the gift at some future time, and fully executed by a delivery of the property by the donor and an acceptance of the delivery by the donee. Martin v. Martin, 207 S. W., 188, 193.

■ We think the evidence does not show that the title had passed out of Mr. and Mrs. Adams by gift on 29th of October, 1929. As to the claim of Shirey and wife that the property was their homestead on the 29th day of October, 1929, as we view it, the only evidence in the record as to a homestead on the property at that time is the statement of Mrs. Adams to the effect that Mr. and Mrs. Shirey were not able to buy the property and had to have a home. There is no expression or remote intimation in the evidence that Shirey and wife, on the 29th of October, 1929, or at any time, intended to make the property their home; certainly there was at that time no overt act on their part, by taking possession or otherwise indicating such intention.

We have concluded that the title, both equitable and legal remained in Mrs. Adams on the 29th day of October, 1929, and the evidence does not show a homestead right in Mr. and Mrs. Shirey at that time.

Appellant, in its oral argument before this Court, expressly waived any right it had to a personal judgment against Mrs. Adams, and asked judgment establishing its debt, interest and

attorney fee and for a foreclosure of its assessment lien on said property against all appellees with order of sale, etc.

We have concluded that the trial court was in error in refusing appellant judgment as prayed for.

The case is reversed and judgment is here rendered for appellant establishing the amount of its claim, as above, with foreclosure of its assessment lien on said property.