## MILLER et al. v. GUINN.
### No. 3721.

Court of Civil Appeals of Texas. El Paso.
July 14, 1938.

Rehearing Denied Sept. 12, 1938.

475

It is well settled that in order to remove a parol gift of land from the operation of the statute of frauds, a present gift must be shown together with possession under the gift taken and held by the donee with the consent of the donor and permanent and valuable improvements made on the land by the donee in reliance upon the gift with the consent or knowledge of the donor. Davis v. Douglas, Tex.Com.App., 15 S.W.2d 232; West Texas, etc., Co. v. Adams, Tex.Civ. App., 54 S.W.2d 547, affirmed Shirey v. West Texas Const. Co., 126 Tex. 173, 86 S. W.2d 1115; Combest v. Wall, Tex.Civ.App., 102 S.W. 147; Hightower v. Pruitt, Tex. Civ.App.; 77 S.W.2d 754; Martin v. Martin, Tex.Civ.App., 207 S.W. 188.

In Combest v. Wall, supra, it was said [page 150]:

"To constitute a valid gift inter vivos, there must be a gratuitous and absolute transfer of the property from the donor to the donee, taking effect immediately, and fully executed by a delivery of the property by the donor and an acceptance thereof by the donee. Such gifts can have no reference to the future, but go into immediate and absolute effect. 14 Am. & Eng. Enc. Law (2d Ed.) p. 1015.

" * * * It was necessary to constitute a valid gift that it should go into immediate effect, and not depend on the future action of the donor."

In West Texas, etc., Co. v. Adams, supra, it was said [page 549]:

"To constitute a valid 'gift of land inter vivos,' there must be a gratuitous and absolute transfer of the property from the donor to the donee, taking effect immediately, as distinguished from a mere expression of intention to make the gift at some future time, and fully executed by a delivery of the property by the donor and an acceptance of the delivery by the donee."

The findings of fact above stated do not show a parol gift of the land operative in præsenti, but, in effect, was a promise to give the land after Vira Miller and her husband had constructed and paid for a house on the same. In view of these findings and the evidence supporting the same the court properly rendered judgment in favor of the defendant.

Affirmed.

E. P. Bryan (on rehearing), and Lee R. Stroud, both of Dallas, for appellants.

Clint & Eades, Allen Eades, and Eric Eades, Jr., all of Dallas, for appellee.

HIGGINS, Justice (after stating the case as above).