JULIA S. PAUL, Defendant in Error, v. THE CON-
QUEROR TRUST COMPANY, Plaintiff in
Error.

Kansas City Court of Appeals, June 3, 1907.

1. TAXBILLS: Contract: Delay: Reasonable Time: Evidence. Where the contract for improving a street is indefinite as to the time the work is to be completed, the law requires that the work must be done in a reasonable time which is a question of fact, and the evidence is held to justify the finding that the work was not so completed.

2. ———: ———: ———: Contractor's Conduct: Estoppel. A contract provided that if the contractor desired an extension of time for the completion of his work he should give notice to the city engineer who could determine the right to an extension. The contractor failed to make application. *Held,* the contractor and his assignee are alike precluded from asserting that there was any valid excuse for not completing the work within a reasonable time.

3. ———: Street Improvement: Delay: Reasonable Time. The law contemplates that contracts for street improvements shall be prosecuted without unnecessary delay and that the contract fixing the time shall be complied with, and when no time is fixed a reasonable time is allowed and what is a reasonable time is for the courts.

Error to Jasper Circuit Court.—*Hon. Hugh Dabbs,*
Judge.

AFFIRMED.

*Mooneyham & McCawley* for plaintiff in error.

(1)    The courts of this State have uniformly held taxbills to be valid in cases in which the facts and circumstances are almost identical with those in this case. Sparks v. Land Co., 99 Mo. App. 489; Hilbert v. Asphalt Co., 107 Mo. App. 400; Rund v. Rackliff, 192 Mo. 312. (2)    "In the absence of a time limit in the ordinance, it has always been the rule in this State, as emphasized in the decision of Heman v. Gilliam, 171 Mo. 258, that the contract may specify a time, and that such specified in the contract is, prima facie, a reasonable time, because the parties themselves have so agreed. The courts will not interfere with the legislative determination of the reasonableness of the time for the completion of the work." Hund v. Rackliffe, 192 Mo. 325.    (3) • Where the ordinance for a special improvement as here is silent as to the time when the work is completed, and the contract fixes a stated time within which the work is to be done and also prescribes that if it is not so completed, certain deductions are to be made from the contract price for each day its completion is so delayed, and the work is completed within a reasonable time, the ordinance is complied with, and if the deductions for the delay are taken from the contract price and from the taxbills, the contract, too, is complied with, and the taxbills are valid.    Sparks v. Land Co., 99 Mo. App. 489; Heman v. Gilliam, 171 Mo. 271; Hilgert v. Asphalt, 107 Mo. App. 400. Time is not the essence of a contract in that form, in the absence of an ordinance fixing a definite time for the completion of the work in pursuance of the contract.    Construction Co. v. Loevy, 179 Mo. 470; Hilgert v. Asphalt Co., 107 Mo. App. 398; Sparks v. Land Co., 99 Mo. App. 489; Construction Co. v. Hutchinson, 100 Mo. App. 294; Springfield v. Schnook, 96 S. W. 257.

*Grayston & Graham* for defendant in error.

(1) The excuses given for not prosecuting the work more diligently are very similar to those offered by the defendants in a recent case decided by this court, where it was held that the delay was unreasonable and the taxbills void. Turner v. Springfield, 117 Mo. App. 422. (2) There being no time limit fixed in the ordinance and the time limit in this contract being immediately followed by a penalty clause, the contract should be construed to mean that the contractor should begin work within ten days after its date, prosecute the work regularly and uninterruptedly with such force as to secure its completion within a reasonable time after the takng effect of the contract, and what was a reasonable time was a matter to be determined from all the evidence in the case. Schibel v. Merrill, 185 Mo. 547; Heman v. Gilliam, 171 Mo. 258. (3) While the city authorities may be considered the agent of the property-owner in such matters they cannot waive the rights of the property-owner and the fact that the council afterward accepted the work and issued the taxbills and deducted something for the delay does not preclude the property-owner from asserting the invalidity of same. McQuiddy v. Brannock, 70 Mo. App. 540. (4) Two or three weeks' delay has been held to be material and not a substantial compliance with the contract requiring the work to be completed within a fixed time. Shoenberg v. Meyer, 91 Mo. App. 389; Spalding v. Forsee, 109 Mo. App. 677.

BROADDUS, P. J.—This is an action to cancel three taxbills, each for the sum of sixty-eight dollars, issued by the city of Joplin, Missouri, to J. F. McCarthy, the contractor, the defendant being the assignee thereof. They were issued in payment for grading and macadamizing North Joplin street in said city. The result

of the case will determine the validity of other taxbills issued for work done on said street.

The grounds relied on by plaintiff for cancellation are, viz.: That the contract was not let according to law; and that the contractor failed to prosecute and complete the work within a reasonable time as provided by the contract. The defense is: That the contractor was hindered and delayed in the progress and completion of the work within the time limited by the contract by the action of the street and grades committee, directing him to suspend work until certain water mains were laid in the street being improved; that the progress and completion of the work was delayed by reason of the failure and refusal of the city to furnish him with the city roller as required by the contract; and that the work was delayed by reason of the rainy season which made the earth so wet that teams and workmen could not be used on the work.

Sections 8 and 10 of the contract govern the principal questions raised on the merits of the case. Section 8 is as follows: "The work embraced in this contract shall begin within ten days after this contract binds and takes effect, and shall be prosecuted regularly and uninterruptedly thereafter (unless the engineer or street committee shall specially direct otherwise in writing) with such force as to secure its completion on or before May 31 thereafter; the time of beginning, rate of progress and time of completion being essential conditions of this contract. And if said second party fail to complete the work by the time above specified, the sum of five dollars per day for each and every day thereafter until such completion, shall be deducted from moneys payable under this contract."

Section 10: "The second party shall not be entitled to any claim for damage for any hindrance or delay from any cause whatever in the work, or any portion thereof, but such hindrance may entitle said second

party to an extension of the time for completing this contract sufficient to compensate for the detention, the same to be determined by the street committee and city engineer; provided they shall have immediate notice in writing of the cause of the detention."

The contractor did not complete the work until the tenth day of August, 1904. On the twenty-fifth day of March, 1904, the street committee and engineer directed, but not in writing, the contractor to suspend work until certain water mains were laid. The street committee in their report to the mayor and city council found that the contractor had been delayed thereby forty-two days. Deducting the forty-two days allowed for said delay, there was still an excess of sixty-two days beyond the time fixed for the completion of the contract.

The defendant, in order to account for the sixty-two days' delay introduced evidence tending to show that a fill in the street of over twenty feet had settled mostly on account of heavy rains, and that the earth was reduced to mud, and was in such a condition that teams and laborers could not be used on the work. There was evidence that the rains were unusually copious in a part of the month of May and in June and July of the year 1904. After the deep fill in the street had settled it took two weeks' work to fill it again to the proper grade. The contract provided that the street after it was graded should be rolled by the city roller. The rolling was done by the city for which the contractor was charged a certain amount. The defendant introduced evidence tending to show that he could not get the use of said roller when it was necessary owing to the fact that it was employed upon other work, and that when it was obtained the street was so muddy that the operator for a time could and would not use it upon the work. There was evidence, however, that notwithstanding the rains and muddy condition of the street, the loss of time occasioned by delay in waiting for the laying of the wa-

ter mains, and the contractor's inability to get the use of the city roller when it was required, the contractor did not work on his contract from about the fifth of December until some time in February, approximately about sixty days. The contractor's excuse for this delay was that the weather was unfavorable and that he was waiting for it to improve. It was not shown that the weather was unusual for that time of the year.

Under the terms of the contract the street and grades committee and the city engineer were authorized to say how much time the contractor should be allowed for delay in the work from any cause. As we have seen, he was allowed by the committee forty-two days for such delay and there was no allowance made for the remaining sixty-two days of the one hundred and four days in excess of the time fixed by the contract for the completion of the work. Had the contractor prosecuted his work continuously from the beginning and had utilized the sixty days from December 5 to sometime in February, he could have, practically at least, completed his work before the rainy season that came on after the delay occasioned by the laying of the water mains and before any delay caused by not being able to obtain and use the city roller on the grading. There was no ordinance fixing the time within which the work should be done. Although the contract specifies that the work in question shall be completed on the thirty-first day of May, 1904, the contract in that respect is indefinite by reason of the qualifying provision, that, if not completed within that time, the contractor should suffer a forfeiture of a certain portion of his pay. The contract not being definite in that particular, then it is the law that the time for the completion of the work must be a reasonable time: [Heman v. Gilliam, 171 Mo. 258; Schibel v. Merrill, 185 Mo. 534; Allen v. Labsap, 188 Mo. 692; Heman Construction Co. v. Loevy, 179 Mo. 455; Hund v. Rackliffe, 192 Mo. 312.] The finding of the

court was that the contractor had not completed the work within a reasonable time. Judging by the result, it seems that the court adopted as applicable to the issues in the case the rule of law as announced in the foregoing decisions. The issue tried, was whether the work was completed within a reasonable time, which was a question of fact for the court. In Springfield v. Schmook, 120 Mo. App. 41, a similar case, it is held the evidence justified the decree.

There is another question in the case arising on the contract unfavorable to the validity of the taxbill. Section 10, heretofore quoted, provides substantially that before the contractor shall be entitled to an extension of time for the completion of the work for any cause whatever the right to such extension shall be determined by the street committee and city engineer upon immediate notice of the cause of the delay or detention of the work. It became the duty of the contractor under this provision of his contract, if he desired an extension of the time for the completion of his contract, to have given the notice required and the cause of the delay in the work. Having failed to do so, it seems to us he, as well as his assignee, is precluded from asserting that the delay was caused by his inability to obtain the use of the city roller and by unfavorable weather. The said committee and the city engineer were constituted the authority to determine the contractor's right to an extension of time. There was no evidence that this authority was invoked by him for such extension for the causes named and that they had failed to act as they were required, or acted improperly, and, in the absence of such showing, the contractor, as well as his assignee, is precluded from asserting at this late day that there was any valid excuse for not completing the work within a reasonable time.

The law contemplates that contracts for street improvements shall be prosecuted without unnecessary

delay, in the interest of the general welfare, and that contracts fixing the time within which the work is to be completed shall be complied with; and that when no such time is fixed that such work shall be done within a reasonable time, and it is for the courts to say what is and what is not a reasonable time.

Other questions are raised in the case, but, as they cannot affect the result, it is not necessary that they be considered.

The cause is affirmed. All concur.