### UVALDE ROCK ASPHALT CO. v. LANGHAM.

No. 2500.

Court of Civil Appeals of Texas. Beaumont.

Feb. 15, 1934.

Crook, Lefler & Cunningham, of Beaumont, for appellant.

Butler & Pipkin and James H. Pipkin, all of Beaumont, for appellee.

WALKER, Chief Justice.

This was an action by appellant, Uvalde Rock Asphalt Company, against appellee, O. I. Langham, upon a paving certificate and to foreclose a paving lien against the property of appellee adjacent to the paving, situated in the city of Beaumont. Upon trial to the court without a jury judgment was rendered against appellant that it recover nothing upon its paving certificate. The judgment rests upon the following conclusions made by the trial court in support of the judgment: First, the property improved was appellee's homestead and he did not sign the contract providing for the paving of the street in front of this property; second, (a) the contract for the paving called for a concrete base of uniform thickness of 5 inches and asphalt topping of a uniform thickness of 1 inch, the concrete was laid only $41\%_{50}$ of an inch thick and the asphalt topping $\%_4$ths of an inch thick; (b) because of these facts the paving contract was "neither substantially nor actually complied with."

"* * * The acceptance of the pavement on Royal Street abutting the property of this defendant as being in compliance of the paving contract with the City of Beaumont was a legal or constructive fraud upon the rights of this defendant, O. I. Langham, in this:

"(a) The concrete called for in the said contract was not laid in substantial or actual compliance with the paving contract with the City of Beaumont;

"(b) The asphalt topping was not laid in actual or substantial compliance with the paving contract with the City of Beaumont. Accordingly the acceptance by the City of Beaumont of the said paving by virtue of the foregoing was a legal or constructive fraud against the defendant, O. I. Langham."

The contract for the paving was let in the manner required by law and was accepted by the proper authorities of the city of Beaumont and the paving certificate issued by the city under the forms and in the manner required by law. Appellant has no assignment that the evidence was insufficient to support the fact conclusions upon which the judgment was based.

The only point in the case is the sufficiency of appellee's pleadings to support the judgment denying appellant a personal recovery against appellee; no contention is made by appellant that it was entitled to a judgment foreclosing its lien against the property. Appellee was required both to plead and

prove a good defense to appellant's cause of action. Proof without pleading is as ineffectual to support a judgment as pleading without proof. In order to defeat a personal judgment in this case appellee was required not only to plead and prove that the paving was not laid in actual or substantial compliance with the paving contract, but also that the city of Beaumont acted in fraud of his rights in accepting the work and issuing the certificate. Berwind v. Investment Co., 20 Tex. Civ. App. 426, 50 S. W. 413; Herring v. City of Mexia (Tex. Civ. App.) 290 S. W. 792; Fisher v. Whitham & Co., 120 Tex. 516, 39 S.W.(2d) 869, 79 A. L. R. 1095; Blome Co. v. Herd (Tex. Civ. App.) 185 S. W. 53; Clark v. Pearson & Co. (Tex. Civ. App.) 26 S.W.(2d) 382.

As this case was tried, the essential issue of fraud was not made by appellee's pleadings. We agree with his contention that the issue was regularly pleaded, if not in the first amended original answer, then beyond all question in his trial amendment. But this defense was affirmatively abandoned by appellee upon the trial of the case. He relied solely and alone upon the issue of "noncompliance with the contract" which, under the authorities cited above, was insufficient in law to support the judgment. The following excerpts from the statement of facts supports this conclusion. After Mr. R. C. Black, city engineer of the city of Beaumont, who had general supervision of the execution of this paving contract, and who approved the paving for the city as being in compliance with the contract, had testified for appellant and had been cross-examined by counsel and re-examined by counsel for appellant, counsel for appellee began his second cross-examination of the witness with this statement:

"Q. I might suggest for your information, Mr. Black, that no charge has been made of fraud. We are merely claiming non-compliance with the contract in front of this property."

On cross-examination of the witness John E. Karr, who was an employee of appellant in laying this pavement, the following testimony was given, to which appellee objected, as indicated:

"Q. But you know of no reason, you never heard of anybody even claiming that anybody else was trying to gyp the city in building that street along there? A. No, sir; I know of no reason why—

"Mr. J. H. Pipkin: Your Honor, there is no basis for any such line of questions here.

"The Court: Yes, I don't—

"Mr. Pipkin: It's wholly unnecessary.

"Q. That's all."

Mr. J. D. Martin was inspector of concrete for the city of Beaumont in laying the pavement in front of appellee's property. Appellee's counsel began his cross-examination of this witness with the following statement:

"Q. I want to enlighten you, of the fact, like I have these other witnesses, that nobody is charging fraud in this case."

Mr. Lefler, of counsel for appellant, objected, and Mr. Pipkin, of counsel for appellee, replied as follows:

"Mr. Lefler: I take exception to that. That's what his entire pleading is, on its face, is pleading of fraud.

"Mr. Pipkin: My pleading is non-compliance with the contract.

"The Court: Go ahead with the witness.

"Mr. Lefler: He charges fraud.

"Mr. Pipkin: Not unless I say fraud.

"Mr. Lefler: His whole pleading is fraud."

Having abandoned all defenses of fraud, and having tried his case upon the sole defense of "non-compliance with the contract," and having so advised appellant's witnesses in his cross-examination, there was no support in the pleadings for the trial court's conclusion that the acceptance of the pavement abutting appellee's property "was a legal or constructive fraud" upon his rights.

Having tried his case upon one theory, appellee cannot support his judgment upon another and different theory affirmatively abandoned by him upon the trial.

Reversed and remanded.