## W. W. SMITHEY ET AL. V. SCOTT SHAMBAUGH.

No. 6527. Decided December 11, 1935.
Rehearing overruled January 8, 1936.
(88 S. W., 2d Series, 475.)

*Edgar H. Phelps,* of Houston, for plaintiff in error.

A paving assessment, and the certificate evidencing same, which appears upon its face to be a lump sum assessment against property owned jointly by three persons, but which does not describe the respective interests of each, nor the amount assessed against each and his interest therein and which seeks to impose joint and several liability upon the whole of the property for the total amount of the assessment is void. Uvalde Rock Asphalt Co. v. Lyons, 289 S. W., 202; 23 Texas Jur., 25.

*W. H. Graham,* of Houston, for defendant in error.

Paving assessment against three named parties, one of which held no interest in the property, another of which was the wife who was not personally liable for assessment against the property, which was community, was not void as being a joint assessment against owners of property without separating their interests. City of San Antonio v. Spears, 206 S. W.,

703; Id., 110 Texas, 618, 223 S. W., 166; Flynt v. City of Kingsville, 50 S. W. (2d) 414; Jones v. El Paso Bitulithic Co., 246 S. W., 749.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

The defendant in error, Scott Shambaugh, brought this suit against the plaintiffs in error, W. W. Smithey and wife, Frances M. Smithey, and C. W. Hurley. As against Smithey and wife, a recovery on a paving certificate is sought, with foreclosure of the assessment lien on a city lot. Hurley is alleged to hold a subordinate lien on the lot. The case was tried before the court without a jury, resulting in a judgment in favor of all the defendants. Shambaugh appealed, and the Court of Civil Appeals reversed the trial court's judgment, and, because the case was not developed in respect to certain defenses plead by Smithey and wife, remanded the cause.

The paving certificate was issued by the City of University Place, a city of more than one thousand inhabitants, incorporated and operating under the general law. The paving proceeding was conducted in pursuance of an Act passed in the year 1927 (Acts 40th Leg., First Called Sess., chapter 106). The paving certificate was the only evidence introduced at the trial of the case. The certificate calls for the sum of $748.80, and recites same to be the amount of an assessment levied in the paving proceeding against the lot in question and "against Crain Ready Cut House Co. and W. W. Smithey and wife, Frances M. Smithey, the owners of said property."

The plaintiffs in error contend that the last clause of Section 11 of the Act of 1927 is unconstitutional and therefore does not furnish authority for the making of a joint or lump sum assessment such as involved in this case. The contention is grounded on the due process clause of the State Constitution (Art. 1, Sec. 19) and the clause of that instrument which requires all taxation to be equal and uniform (Art. 8, Sec. 1). Section 11 of the Act of 1927 reads as follows:

"Sec. 11. Assessments against several parcels of property may be made in one assessment when owned by the same person, firm, corporation or estate, and property owned jointly by one or more persons, firms or corporations, may be assessed jointly."

■ In reaching a decision of the question of constitutionality of the last clause of the above statute, it becomes necessary to ascertain the meaning of such clause. The first thing to be

ascertained is the character of cotenancy with which the clause deals. In this connection it is to be observed that long before the passage of the 1927 Act, the Legislature had enacted statutes which in effect wiped out the distinction recognized by the common law between various cotenants, and transformed all joint owners of land into tenants in common. By Article 2580, the common law doctrine of survivorship, an essential attribute of joint tenancy, was in effect abolished so far as cases involving inheritance were concerned; by Article 6082, "any joint owner or claimant of any real estate or of any interest therein" was given the right to compel partition of the jointly owned property; and by Article 6100, the decree confirming the partition was given effect to vest title in each of the cotenants to the share apportioned to him in all respects the same as would a "full warranty deed of conveyance" from the other cotenants who are parties to the suit. It is quite obvious that these statutes have effect to convert every joint ownership of land into a tenancy in common. (See Ross v. Armstrong, 25 Texas Suppl., 355, 78 Am. Dec., 574.) Thus it reasonably appears that the Legislature, in enacting the clause under consideration in the terms it did, was dealing with property held by several owners under tenancy in common—a relationship depending on unity of possession alone.

The next thing to be ascertained is what effect the Legislature intended a joint assessment, as prescribed in said clause of the statute, to have. In this respect the provisions contained in Section 6 of the Act are helpful. It is there provided, among other things, that the governing body of a city shall have power to assess a designated portion of the total cost of the highway improvements "against property abutting upon the highway, or portion thereof ordered to be improved, and against the owners of said property." And said section further provides that: "Any assessments against abutting property shall be a first and prior lien thereon from the date the improvements are ordered, and shall be a personal liability and charge against the true owners of such property at said date, whether named or not." In the light of these provisions, and of the character of cotenancy involved in the particular clause of Section 11 under consideration, it becomes reasonably clear that the Legislature intended that the joint assessment provided in this clause shall have effect to charge the undivided interest of each cotenant in the common property

with a proportionate amount of the assessment, and to impose on the cotenant a corresponding personal liability. Neither of said provisions of the Constitution is offended, for the reason that personal liability in each instance is in accordance with benefits accruing to the cotenant, and extends no further than the amount he justly owes. The charge against his property is commensurate with his personal liability. He has the right to discharge the assessment lien from his undivided interest in the common property by paying his portion of the assessment. Ronkendorff v. Taylor's Lessee, 4 Peters (U. S.) 349, 7 Law Ed., 882; Payne v. Denley, 18 Ark., 441, 68 Am. Dec., 187; New London v. Miller, 60 Conn., 112, 22 Atl., 499; Curtiss v. Sheffield, 213 Mass., 239, 100 N. E., 365, 50 L. R. A. (N. S.) 402, Ann. Cas. 1914A, 564; People v. McEwen, 23 Cal., 54.

As sustaining their contention that the clause in question violates said provisions of the Constitution, the plaintiffs in error cite the case of Uvalde Rock Asphalt Co. v. Lyons, 289 S. W., 202, in which the writ of error was refused by the Supreme Court. We have examined the application for the writ of error in that case and found that no charter provision or applicable statute was involved, which purported to authorize lump assessments against joint owners or jointly owned property. The action of the Supreme Court in refusing the writ of error is in line with the decision in the cases of City of Dallas v. Atkins, 110 Texas, 627, 223 S. W., 170; Scanlan v. Gulf Bitulithic Co., 44 S. W. (2d) 967, 80 A. L. R., 852, and other cases cited by the plaintiffs in error.

■ It is also contended that inasmuch as the paving certificate here in question does not name C. W. Hurley, or mention his lien, he is not shown to be a party to said paving proceeding. Relevant provisions of the 1927 Act are as follows: Section 6, in addition to provisions thereof hereinbefore quoted, provides: "If any certificate shall recite substantially that the proceeding with reference to making the improvements therein referred to have been regularly had in compliance with the law and that all prerequisites to the fixing of the assessment lien against the property described in the certificate and the personal liability of the owner or owners thereof have been performed, same shall be prima facie evidence of all the matters recited in the certificate, and no further proof thereof shall be required." Section 9 of the Act provides for a hearing on benefits, and provides for the publication of notice of

such hearing and prescribes what such notice shall contain, and provides that the publication of such notice "shall be sufficient, valid and binding upon all owning or claiming such abutting property or any interest therein." These provisions of Section 9 contemplate a lienholder as an "owner" of the property, so far as the matter of subordinating his lien to the assessment lien is concerned. Nalle v. Eaves, 5 S. W. (2d) 500. Consequently the publication of the notice prescribed in Section 9 binds him; and the recitals in the paving certificate, as provided in Section 6, constitute prima facie evidence against him in all respects the same as against a true owner of the property. Realty Trust Co. v. Harris, 59 S. W. (2d) 914. In the present instance the paving certificate contains the recitals provided in the last named section, and nothing appears in the entire Act to show that the Legislature meant to limit the probative force of the recitals to such as are named in the certificate. If Hurley in fact holds a lien over which the assessment lien has priority by virtue of the provisions to that effect contained in Section 6, the recitals of the paving certificate are prima facie proof that he was accorded an opportunity to be heard as the provisions of Section 9 require, and that all other prerequisites to the subordination of his lien were satisfied.

The judgment of the Court of Civil Appeals, reversing the trial court's judgment and remanding the cause, is affirmed.

The opinion heretofore filed herein is withdrawn, and the above opinion adopted in lieu thereof.

Opinion adopted by the Supreme Court December 11, 1935.

Rehearing overruled January 8, 1936.