SCANLAN et al. v. CONTINENTAL INV.
CO. et al.

No. 10868.

Court of Civil Appeals of Texas. Galveston.

Jan. 25, 1940.

Rehearing Denied July 18, 1940.

Walter F. Brown, of Houston, for appellants Lillian and Stella Scanlan.

Walter F. Brown, of Houston, for appellant Interstate Circuit, Inc.

Elbert Roberts and Willett Wilson, both of Houston, for appellees Continental Inv. Co. and National Paving Co.

Will Sears, of Houston, for appellee City of Houston.

CODY, Justice.

Our opinion on the former appeal of this case is reported under the style of Scanlan et al. v. Continental Investment Company, Tex.Civ.App., 93 S.W.2d 1189.

On June 12, 1929, the City Council of the City of Houston, upon the petition of the owners of more than 51% of the front-footage of the property abutting on that part of Leeland Avenue between Scott Street and Telephone Road, adopted a resolution to pave it. This was after proper notices to the then owners of the property here involved, and after a hearing duly had on benefits at which said owners did not appear or make any objection to the paving; nor did said owners within the ten days provided by Section 8 of Art. IV-A of the Charter of the City of Houston after the closing of said hearing institute any suit to contest the validity of the assessment, etc. The then owners of the property involved, which lies on both sides of Leeland Avenue, were Misses Kate, Lillian and Stella Scanlan; and joint certificates were issued against them and their property on the assessment which had been made thereagainst jointly. These certificates were assigned by the paving contractor, the National Paving Company, to the Continental Investment Company. And when they were not paid at the maturity of the first installment, after demand, the maturity of both certificates was accelerated, and two suits filed thereon—one to foreclose on the land lying on one side of the street, the other to foreclose on the land lying on the other side of the street. Only one of these suits was tried at that time; and in it the court instructed the jury to return a verdict for the owner of the paving certificates except as to what constituted reasonable attorney's fees, which was submitted to the jury. On appeal, and after receiving an answer to a question certified to the Supreme Court, this court reversed the judgment of the trial court because the paving lien which it undertook to foreclose was based upon a joint assessment against the undivided interests of all of the three owners of said property; and the joint assessment and certificates issued thereon were held to be void, and judgment was then rendered by this court for the owners of the property. But upon a motion for rehearing, the majority of the court—sustained by the Supreme Court—ordered the cause remanded in order to afford an opportunity to have a corrected—or reassessment made, said remand being "without prejudice to any proceedings which any of the parties may see fit to institute in the premises."

Then, on August 24, 1936, after the cause had been remanded for a new trial, the paving contractor, the National Paving Company, and its assignee, the Continental Investment Company, filed a petition with the City Council to correct the paving assessment held to be void because formerly made jointly. Misses Lillian and Stella Scanlan, having in the meanwhile succeeded to the interest of their sister, Miss Kate Scanlan, who had died intestate, were notified of such hearing, and were represented at the meetings of the City Council held on said petition, and they presented numerous objections, including those urged in this trial.

After the hearing on benefits in the correction hearing, separate assessments were made against the undivided interests of the two surviving Scanlan heirs, who then, within ten days, instituted a contest, making the City of Houston, the paving contractor (the National Paving Company) and its assignee, the Continental Investment Company, parties defendant. This suit, over the protest of the Scanlan sisters, was ordered consolidated with the two pending suits, and all parties were required to replead. The Interstate Circuit, Inc., was made a party to the proceeding. The Interstate Circuit, Inc., had bought a piece of the property involved from the Scanlan sisters after the original suits had been filed, and had promptly placed its deed of record, and said deed had been of record for about a year prior to the time that the petition for the correction had been filed with the City Council, but the Interstate Circuit, Inc., was not a party to such correction proceedings, and was not there represented.

The case was submitted to the jury on 62 special issues, and on the jury's answers, the trial court rendered judgment for the Continental Investment Company, granting

it all the relief it sought, principal, interest on the corrected assessment certificates, and attorney's fees, against the Scanlan heirs, and foreclosed the liens against the Scanlan heirs, and against the Interstate Circuit, Inc., and rendered judgment against the Scanlan heirs on their cross-action.

Appellants, the Scanlan heirs, are urging one hundred and forty-eight assignments of error.

Appellees assert, and appellants do not dissent, that these numerous assignments come within one of the following classes:

1. That the plans and specifications adopted for the work to be done on Leeland Avenue were not in accordance with the requirements of the Charter of the City of Houston, and the work done by the contractor was not in accordance therewith.

2. That the paving certificate sued on is invalid for the reason that the engineering and advertising costs on the improvements in question were included as a portion thereof, as well as an emergency additional amount for reinforcing steel not included in the original contract bid.

3. That the provision for attorney's fees in the assessment certificate and Charter of the City of Houston is invalid and that the judgment as rendered including attorney's fees based upon the possibility of an appeal is also invalid.

4. That the certificate of special assessment is invalid because the City Council permitted the Street Railway to lay a different type of pavement than that contracted for on the remaining part of the street.

5. That the court erred in rendering the judgment that it did render on the verdict of the jury because of certain issues being answered favorably to appellants.

6. That the court erred in giving certain issues that it did give, and in refusing to give certain issues requested by appellants.

7. That the jury's verdict was contrary to and not supported by the evidence in finding:

A. That the National Paving Company had substantially complied with its contract in paving Leeland Avenue from Scott Street to Telephone Road.

B. That the City of Houston acted in bood faith and with due regard to the rights of the abutting property owners in accepting the pavement as satisfactory.

8. That attorney's fees as found by the jury are not collectible against appellants for the reason: (a) that they have not been incurred; (b) that they are not reasonable; (c) that part of them are based upon the possibility of an appeal which makes them invalid.

9. That the correction assessment proceedings are invalid for the reason: (a) that the date of the ordinance petitioned to be amended is incorrectly given in the correction ordinance; (b) that the subject of the correction assessment ordinance is not clearly expressed in its title; (c) that the ayes and nays were not taken upon the passage of any of the resolutions leading up to or of the passage of the purported assessment ordinance of October 28, 1936; (d) that the Interstate Circuit, Inc., the purchaser of a part of the property from Lillian Scanlan and Stella Scanlan after original assessment proceedings and before the correction proceedings, was not notified of the amendment proceedings and is not bound thereby and its property is released from the paving lien.

10. That the paving having been completed more than six years before the petition for correcting the assessment was filed, appellees' claim was barred by Statute of Limitation.

11. That appellants are not estopped from again presenting questions of irregularities of paving proceedings by: (a) failure to file contest suit within required time after original assessment proceedings; (b) the fact that an appellate court on a former appeal has ruled adversely to their contentions.

We cannot agree with appellees that rulings which were made by this court on the former appeal but which, together with the opinion in which they were made, having been by the court formally withdrawn, are now to be considered the law of the case. When the opinion in which such rulings were announced was withdrawn they ceased to be rulings in the case.

We overrule appellants' contention that the plans and specifications were not in accordance with the requirements of the City of Houston.

Appellees alleged all steps and prerequisites required by the City charter and the law in making the contracts for the work the levy, assessments, etc., had been complied with. It was shown that appellants were properly notified of the original hearing on benefits, etc., and that they failed to appear at such hearing, or to raise any ob-

jection to the validity or irregularity of any proceedings within the time required by the City charter or law, or to file suit within ten days after the close of such hearing, as required by the City charter. In Section 7 of the City charter it is provided that interested property owners may be heard as to any error or invalidity in any proceeding with reference to the work to be done, and that if any objections are made to such proceedings they should be filed with the City Council before such hearing is closed, and that if not so made and filed, they shall be deemed waived. By Section 8 of the charter it is provided unless the interested property owners file suit within ten days to correct the validity or regularity of any such proceedings, they shall be precluded from such a contest elsewhere. Any claim of defect or error in the proceedings which was not saved to a complainant in the manner there provided is barred. Scanlan et al. v. Gulf Bitulithic, Tex.Com. App., 44 S.W.2d 967, 80 A.L.R. 852, and authorities there cited; Herring v. City of Mexia, Tex.Civ.App., 290 S.W. 792; Clark v. W. L. Pearson & Co., Tex.Civ.App., 26 S.W.2d 382. The purpose of providing that any objections to the validity or regularity to the proceedings shall be thus made before the paving is laid or become barred is perfectly obvious. It can work no harm on the property owner to be required to make his objection before the paving is laid, and it is not right to permit him to gamble on getting improvements to his property at the expense of the paving contractor by urging objections which, if valid, could as well have been urged before the paving was laid. It seems perfectly clear to us that whatever claim of irregularity or invalidity of appellants which became barred after the lapse of ten days from the close of the original hearing on benefits, could never revive. At the proceedings to correct the joint assessment appellants could urge any objection pertaining to the point of separate, as distinguished from joint, assessment: they also might urge any error in the amount of the separate assessments, and prevent any higher assessment from being laid than the increase in the value of their property: that right inheres in the act of reassessing, and it cannot be injurious to the paving contractor or his assignee as the contractor knows that his work is required to so increase the value of the property of the adjoining owner. There is, however, some advantage in the position of having the increased value of property by

reason of the laying of pavement passed on after, instead of before, it has been laid. As appellants' contention that the plans and specifications were not in accordance with the requirements of the City of Houston was barred ten days after the close of the original hearing on benefits, appellants' assignments based thereon are overruled.

■ Appellants' claim that the paving was not done in accordance with the plans and specifications is one that in its nature can arise only after the work has been completed. And its determination in this case has not been free of doubt and difficulty. The jury found that there was a material change in the paving of Leeland Avenue from Scott Street to Telephone Road from the original plans and specifications prepared therefor by the City of Houston, and found that this material change was required of the paving contractor by the city engineer. The jury found, however (special issue No. 1–A), that the National Paving Company substantially complied with its contract with the City of Houston in paving Leeland Avenue from Scott Street to Telephone Road; and further found (special issue No. 5–A) that the City acted in good faith and with due regard to the property owners along Leeland Avenue in accepting the paving lien as being satisfactory. The charter provides in Section 14, "The recital in such certificates that the proceedings with reference to the improvements therein referred to have been regularly had in compliance with the Charter of the City of Houston, and that all prerequisites to the fixing of the lien and personal liability evidenced by said certificates have been performed, shall be prima facie evidence of the facts so recited and no other proof thereof shall be required; but in all courts said proceedings and prerequisites shall, without further proof, be presumed. * * *" In finding that the National Paving Company had substantially complied with its paving contract the jury arrived at the same conclusion as the City, had to arrive at to establish such fact prima facie. Such finding by the jury took such matter out of the category of mere prima facie proof, and established it conclusively.

As the only possible reason for placing such recital in certificates is to inform intending purchasers relative to the facts recited, the fact that such recital is also found to be true by a jury ought to foreclose all questions on such score. It might

well happen that a jury, upon the same facts proven, would reach a different conclusion from a City about the way a paving contract has been performed. Will the mere fact that a jury and a City, each in the exercise of good faith, may reach a different conclusion as to the performance of a paving contract take from the City's conclusion all value? This does not seem to be the conclusion reached in Herring v. City of Mexia, Tex.Civ.App., 290 S.W. 792, 794, where the court said:

"Under other assignments, appellant contends the court erred in refusing to permit him by pleading and proof to show as a defense why he should not be compelled to pay said paving certificate, that the material used in said improvement was defective and not that required by the contract between the city and the paving company, and that the work was defective, etc. The record discloses that on August 7, 1923, the city of Mexia passed an ordinance declaring among other things, that the improvement of Kaufman street had been fully and finally completed by Uvalde Paving Company in compliance with the contract, and accepting said improvements, and ordering the issuing of assignable certificates therefor. The improvement having been completed and duly accepted by the city as required by law, and there being no contention on the part of appellant that there was any fraud on the part of the city in accepting said improvement, said acceptance is conclusive against collateral inquiry by appellant as to defects in material or construction. Berwind v. Galveston & H. Inv. Co., 20 Tex.Civ.App. 426, 50 S.W. [413] 415; 1 Dill, Mun.Corp. § 483; Emery v. Bradford, 29 Cal. 75. These assignments are overruled."

■ We do not believe that Fisher v. L. E. Whitham & Company, 120 Tex. 516, 39 S.W.2d 869, 875, 876, 79 A.L.R. 1095, is against this, where the court said: "We think, however, that in a case where there is no substantial compliance with the terms of the contract as to quality or quantity of materials, or kind and character of construction or work, the owner is not bound by the acceptance by the city. Certainly the city cannot bind the owner to accept, to his injury, compliance with a purely statutory and involuntary contract, on his part, unless there is at least a substantial compliance therewith by the paving company." But, however that may be, it is no injury to the owner when the City in the exercise of good faith accepts the performance of a contract, and a jury finds that such acceptance did not injure the owner, but benefited the owner's property to an extent in excess of the assessment. We believe that the findings of the jury bring this within the rule that the good faith acceptance by the city binds the owner.

■ The cost of advertising required by law, the cost of engineering and supervision, as well as emergency expenditures, are incidental and essential to the work, and it was proper for the assessment to cover same.

■ Section 9 of Art. IV-A of the City Charter expressly provides for awarding attorney's fees and for their collection. This was not homestead property, and attorney's fees are properly recoverable. Scanlan v. Gulf Bitulithic Co., supra; Elmendorf v. City of San Antonio, Tex.Civ. App., 223 S.W. 631; Keller v. Western Paving Co., Tex.Civ.App., 218 S.W. 1077; Sullivan v. Roach-Manigan Paving Co., Tex.Civ.App., 220 S.W. 444.

■ Appellants' contention that the assessment was invalid because the City Council permitted the Street Railway to lay a different type of pavement from that contracted for on portions of the street not occupied by such tracts is without merit. Section 6 of Art. IV-A of the City Charter provides:

"* * * the City Council shall adopt the pavements and materials to be used in the construction of said improvements, including that portion of the street occupied by and chargeable to a steam railroad or street railway * * *, provided that the City Council is expressly authorized to adopt and provide for that portion of such street occupied and paid for by any steam railroad or street railway such material or kind of pavement as the City Council may deem suitable for that purpose whether it be the same materials and pavements adopted for the balance of the street or not."

■ We are unable to say that the verdict was contrary to and not supported by the evidence to the effect that the paving contractor had substantially complied with its contract. As we have noted above, both the City and the jury found such. And it is clearly established that the City acted in good faith and with due regard to the

rights of the property owners in accepting the pavement as satisfactory.

 We believe there is no merit in the contention that the amended ordinance is void because of error with respect to the date of the ordinance petitioned to be amended or that the subject of the correction-assessment is not clearly expressed in the title. A correction ordinance does not supersede the original assessment ordinance. Gulf Bitulithic Co. v. Scanlan, Tex. Civ.App., 91 S.W.2d 814, except as expressly corrected. We have hereinbefore, in different language, already so ruled. And the ordinance, the caption, etc., seems sufficient to warrant the correction which was actually made.

 We believe that the rulings which we have made hereinabove dispose of all of appellants' contentions except one. And that one is the contention that the corrected certificate was not valid as against the Interstate Circuit, Inc. We are unable to see how Interstate Circuit, Inc., could be bound by proceedings to which it was not a party. It bought pendente lite and with notice of appellees' rights, and we assume without holding that, had it been made a party to the correction proceeding, that it, and its property, would be bound. But at the time it bought the property there was no completed paving lien against it, though it was subject to being completed. But the City Charter contemplates that, in case of sale of property, the then owner shall be made party to the correction proceeding. A purchaser could not be affected by a proceeding which he was not a party to, except under the theory of virtual representation, or the doctrine of purchasing pendente lite. We do not see how it would be proper to treat the purchaser who places his deed of record, as though he had no independent rights. He could have been made a party, and we see no reason for visiting on him the same consequences as though he had been made a party when he was not. The lien should not, therefore, be adjudged foreclosed. It would seem on principle that the proportion of the indebtedness which his property should bear ought to be visited on the remainder of the unsold property, because the vendors had the value of the abutting paving in the purchase price of the property bought by Interstate Circuit, Inc. But this presents difficulties. For it leaves the alternative that the proportion of the paving lien which was assessed against it should be abated from the sum covered by the paving lien due from the Scanlans, though they must continue personally liable therefor. The situation seems to be similar to that of exempt property, where the owners are, however, personally liable. This is a matter which should be adjusted in the trial court, we believe. We reverse and render, therefore, so much of the judgment as establishes a lien against the Interstate Circuit, Inc., property, and remand the cause with instructions to the trial court to have the proper adjustment calculated on a front-foot basis, and to render judgment against the Scanlan heirs for the full amount just as though they continued to own the sold property, but for the amount which it is found would have been a charge against the Interstate Circuit, Inc., had it been made a party to the correction proceeding, only a personal judgment shall be awarded against the Scanlan sisters.

The judgment of the trial court is reversed and rendered in part, and in part reversed and remanded with instructions, as above indicated.

Reversed and rendered in part, and reversed and remanded with instructions in part.

MONTEITH, C. J., being disqualified, did not sit.

### On Motions for Rehearing.

CODY, Justice.

In their motion for rehearing appellants, other than Interstate Circuit, Inc., complain that their assignments of error were not properly broken down and embraced within the classification which, after careful consideration, was adopted in our opinion. We have concluded that every point raised by said appellants was disposed of by us either expressly or by necessary implication, and that no good purpose would be served by further extending an already long opinion.

 We have also considered appellees' motion, in its answer to said appellants' motion for rehearing, for us to revise the judgment here in lieu of remanding it to the trial court for the purpose of having the proper adjustment calculated on a front-foot basis for the purpose of estab-

lishing the amount of the personal judgment awarded against the appellants, the Misses Scanlan. We adhere to our conclusion that the ordered adjustment is one more properly to be made in the trial court, and appellees' motion is refused.

The motions of both appellants and appellees are refused.