## LOFSTEDT et al. v. GULF PAVING CO.
### No. 11660.

Court of Civil Appeals of Texas. Galveston.

Dec. 21, 1944.

Rehearing Denied Feb. 1, 1945.

pany, hereafter called plaintiff, in 1940, against Zerline Rodgers Lofstedt, and husband, Carl J. Lofstedt. The property upon which plaintiff claimed to have established a paving lien is a certain lot in the City of Houston, hereafter described.

Sometime before the case came on for trial Mrs. Lofstedt died, and her will was duly probated in Harris County by her surviving husband. Thereafter, by its first amended original petition, upon which it went to trial, plaintiff proceeded with the suit against the surviving husband, individually, and as independent executor of her estate, and as trustee for her two minor children—her sole children. These children, Carl Frederick Lofstedt[1] and Carol Ruth Lofstedt, were also made parties defendant, and duly served with citation.

Plaintiff's said petition alleged that the paving certificate sued on was for the principal sum of $1,155, bearing interest at the rate of 7% per annum from August 16, 1939, and providing for reasonable attorneys' fees. The steps by which it was claimed that the paving assessment lien was created upon the lot in controversy were alleged at length and in detail. The suit was also brought to charge the true owners of the lot with personal liability for the amount of the assessment, whether correctly named or not. This specific allegation will hereafter be discussed: "That each defendant herein is claiming some right, title or interest in and to the property herein described, the exact nature of which is well known to said defendants, and which right, title or interest, if any, is junior, inferior and subject to the charge and liens of Plaintiffs." The suit also sought to foreclose an attachment lien.

(It seems that at the time the suit was filed the employer of C. J. Lofstedt had sent him to do some engineering work in the Argentine, and his wife accompanied him. We infer that because personal service could not be had at the time, and because the defense of homestead was anticipated, plaintiff had a writ of attachment issued, so as to give substance to a judgment establishing personal liability for the

J. S. Bracewell and Fentress Bracewell, both of Houston, for appellants.

Milton H. Mulitz and Elbert Roberts, both of Houston, for appellee.

CODY, Justice.

This is a paving assessment lien suit. It was brought by appellee, the paving com-

---

[1] Carl Frederick Lofstedt was born of a former marriage of his mother with one Fred McDuffie, and was himself originally named Fred McDuffie, Jr. In 1929 his mother divorced his father and was awarded the custody of her child. Pending this suit, after his mother's death, in a proceeding brought for that purpose in one of the District Courts of Harris County, he had his name changed to Carl Frederick Lofstedt. To avoid confusion he will hereafter be referred to as Carl Frederick, except in quotations from the record, where he may chance to be otherwise named.

assessment if the plea of homestead was sustained.)

A joint answer was filed for Carl Frederick and his sister, by their attorney of record, who acted for them as attorney ad litem under appointment of court. Such answer traversed the petition, and specially pled that said answering defendants own the beneficial interest in the lot in question in virtue of a trust agreement executed by Carl J. Lofstedt, July 8, 1942; and further answered that, except for a community interest in the improvements upon said lot belonging to the said C. J. Lofstedt, was the separate estate of their deceased mother, and was the family homestead at all material times, and exempt. The other special defenses of the answer were, during the trial, struck out, and the court refused to hear evidence thereon. Said defendants reserved their bill of exceptions thereto.

Defendant Carl J. Lofstedt filed a separate answer adopting the aforesaid answer of his codefendants, and in addition plead special defenses. In the same ruling by which the court struck all defenses except the plea of homestead from his codefendants' answer, the court likewise struck all defenses from his answer except the plea of homestead and he joined in the aforesaid bill of exceptions.

The sole issue submitted to the jury was the defense of homestead, which was answered favorably to defendants.

The court then rendered judgment upon said finding, and upon the court's independent findings:

The court found that plaintiff's suit was upon a liquidated demand against Mrs. Zerline Rodgers and husband, to-wit: a paving assessment certificate for the principal sum of $1,155, bearing interest at the rate of 7% per annum, and providing for reasonable attorneys' fees. The accumulated interest at the date of judgment was found to be $463.81 and found that $500 was the reasonable attorneys' fees for plaintiff.

The court found that the writ of attachment was duly levied upon certain lots in the City of Houston (describing them) belonging to Mrs. Lofstedt, and adjudged that an attachment lien was duly perfected, and foreclosed it.

The court further found that Carl Frederick, in an action brought for that purpose in Harris County, had had his disabilities of minority removed on December 1, 1943, which was at a time subsequent to the service of citation on him; and further found at that time, and now, he was and is in the military service, and that the court had appointed the Honorable J. S. Bracewell, of the Houston Bar, "to represent said minor (meaning Carol Ruth) and said soldier."

The judgment provided: That plaintiff "do have and recover from defendants, C. J. Lofstedt as executor and trustee of the estate of Zerline Rodgers Lofstedt and as trustee for Fred McDuffie, Jr., (meaning Carl Frederick), and against Fred McDuffie, Jr., individually and Carol Ruth Lofstedt, individually, and against Fred McDuffie, Jr., and Carol Ruth Lofstedt, both jointly and individually, the sum of Sixteen Hundred, Eighteen Dollars and Eighty one cents ($1618.81) together with interest thereon at the rate of seven per cent (7%) per annum, from the date of judgment until paid, together with Five Hundred Dollars ($500.00) attorney's fees, with interest from this date at the rate until paid at six per cent per annum, and all costs of court herein incurred, to the extent of the value of the property received by them from the estate of Zerline Rodgers Lofstedt; * * *."

Defendants alone excepted to the judgment, or perfected an appeal therefrom.

Because of the unavoidable length of this opinion the points upon which defendants rely for reversal can only be indicated as they are hereafter ruled on.

### Opinion.

There is no merit to defendants' contention that Carl Frederick was not subject to the court's jurisdiction at the time judgment was rendered herein. The contention is based upon the conception that the removal of his disabilities after he was served with citation, but before the case was tried, divested the court's jurisdiction over his person. The service of citation upon him haled his person into court irrespective of any consent on his part. The court's jurisdiction over his person being in no sense dependent upon his consent, the removal of his disabilities of minority did not vest him with power to repudiate the jurisdiction over his person which had attached irrespective of any consent on his part. By the removal of his disabilities he became full age, prospectively, for all purpose of the litigation.

R.C.S. art. 5921. And being sui juris, it would have been erroneous for the court to appoint a guardian ad litem to represent him in the suit. But such an appointment would have constituted an erroneous, not a void, exercise of the court's jurisdiction over him. Sweet v. Berry, Tex.Civ.App., 236 S.W. 531. The disabilities attaching to the status of minority do not include disability to be haled into court by service of citation, and the removal of a minor's disabilities did not disable the court from exercising a jurisdiction theretofore acquired over his person. Of course, death would have done so.

This cause was originally set for trial for February 7, 1944. Defendant, C. J. Lofstedt, filed a motion to strike such setting. Among the grounds urged in his motion was this: " * * * That the testimony of said defendant (Carl Frederick) in person is necessary for protection of his interest herein; that said defendant is now in the United States Army, having been inducted through selective service, and in all probability cannot be available for a trial of this case until after the termination of the war." It will be noted that the motion does not specify in what respect his testimony was necessary, or what his testimony would relate to. In a suit of this character the evidence of a paving company is, to all intents and purposes, record evidence, showing the steps taken to establish a lien. The only defense pled by defendants which the court permitted to be tried was the defense of homestead. And that alone rested in parol.

■ Though the motion in this instance was limited to asking for a stay in order that he might testify in person, and failed to state the nature of the testimony which he would give, such motion must be construed liberally, as it relates to one in the military service. Section 521, 50 U.S.C.A. Appendix (Soldiers, etc., Relief Act, 1940) provides: "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant * * * may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of * * * the defendant to conduct his defense is not materially affected by reason of his military service."

■ The words of the Act just quoted were construed in Boone v. Lightner, 319 U.S. 561, 63 S.Ct. 1223, 1229, 87 L.Ed. 1587. It was there held that the Act did not require of the trial court that specific findings be made upon the face of the record in support of its ruling on the ability of a soldier to conduct his defense being materially affected by reason of his service, but that it is enough "that the court be of the opinion that ability to defend is not materially affected by military service." Of course the trial court's discretion is reviewable. And we are clearly of the opinion that the motion to stay, so far as it relates to the soldier defendant, must be considered as being operative, not only at the hearing on the motion before the trial, but throughout the trial, and if "at any stage thereof" it should be made to appear such defendant's ability to conduct his defense is materially affected by reason of his military service, the stay must be granted.

■ There was no proof that Carl Frederick could not be present at the trial, and the evidence shows that he did conduct two other proceedings during the pendency of this suit. He acquired his rights in the property in controversy pendente lite. And in a suit of this nature where his position is that of the other defendants, and the plaintiff must establish the validity of the assessment, it is difficult to see how his presence could have had any material effect. Defendants have not stated in what respect his defense was impeded, or could have been impeded by being in military service, taking the position, as we understand, that by showing he was in military service, he was automatically entitled to a stay. But we do not wish to be understood as holding otherwise than that where a party is prevented from being at a trial involving his property rights there is a presumption of prejudice.

■ The court overruled the motion, and in the order overruling such motion, appointed J. S. Bracewell attorney ad litem for the soldier and for the minor Carol Ruth. The authority or duty of the court to appoint an attorney for one in military service is set forth in Section 520 of aforesaid Act. And under said Act the court had authority to appoint an attorney to represent Carl Frederick; no abuse of the court's discretion is shown or even suggested by defendants upon specific grounds. No contention is made that the appoint-

ment of an attorney ad litem was error so far as it touches Carol Ruth.

Defendants' points discussed above are overruled.

■ Defendants admit that a joint assessment could be made against the owners of the lot in question. But they deny that plaintiff can take a joint and several personal judgment against the owners of the lot for the full amount of the assessment. They contend that plaintiff was bound to plead and prove the interest of each of the owners in the lot, and then be entitled to a personal judgment against each owner only for such proportional amount of the assessment as the interest of such owner bears to the fee simple estate. Citing Smithey v. Shaumbaugh, 126 Tex. 396, 88 S.W.2d 475; Lindsley v. Lewis, Tex.Civ. App., 89 S.W.2d 413. Defendants contend that the undisputed evidence in this case shows that Mrs. Lofstedt owned the lot in her separate right, and that Lofstedt owned some undetermined community interest in the improvements situated on the lot.

Whether there was evidence from which it could be inferred, with the aid of the presumption that all money coming into the hands of either spouse is community, that some undetermined portion of the improvements were community property, we think unnecessary to determine. The improvements in question were placed upon the lot, and the lien given to secure the payment of the cost thereof was given during Mrs. Lofstedt's first marriage. During her marriage with Lofstedt the indebtedness and the lien securing its payment were renewed and extended, and after her death, paid off in 1942. It was peculiarly within the knowledge of defendants what amount of community funds went into the payment of the debt. The evidence shows that Lofstedt probated Mrs. Lofstedt's will, in which she devised one-fourth of the fee estate in lot to her son and devised a three-fourths thereof to Lofstedt.

From the nature of the thing the amount of community funds which went into the improvements was a matter peculiarly within the knowledge of Lofstedt, and he was under no duty to plaintiff to account to plaintiff for what he had done with community funds. There was no evidence to show that the community estate was not solvent, nor any reason shown why plaintiff had any objection to taking a personal judgment against Lofstedt for such prop-

ortional part of the amount of the assessment as he might have proved was justly assessable against the community. Not only were such facts shown to be peculiarly within the knowledge of Lofstedt, we believe it is not shown that plaintiff could have obtained such information from any other source than Lofstedt.

Now it will be observed from plaintiff's pleading, quoted above, that it was careful to provide for just such situation, by pleading that whatever right, title or interest in the property was claimed by defendants was known to them, but whatever it might be, the same was inferior to plaintiff's rights. If defendants were really interested in establishing what, if any, interest the community owned in the property, they were afforded an ample opportunity to do so. Had Carl Frederick or his sister's attorney demanded of C. J. Lofstedt that he disclose the interest of the community for the purpose of relieving Mrs. Lofstedt of personal liability for improvements that the community should bear, he would have been compelled to do so. So it appears that defendants failed to discharge the burden cast upon them, to prove the nature of their ownership, by plaintiff's pleadings and the nature of the facts. See 17 Tex.Jur. pp. 316, 317; Spencer v. Pettit, Tex.Civ.App., 17 S.W.2d 1102.

The evidence in the case showed that the lot with the improvements thereon was the separate property of Mrs. Lofstedt at the time she married Lofstedt; so, under the pleading and proof before the court, there was no alternative but to assess all personal liability for the assessment against the separate estate left by Mrs. Lofstedt. And from the judgment above quoted it will be observed this was carefully done. Defendants' points on this subject are overruled.

■ We overrule the point to the effect that the lot as described in plaintiff's petition, and in the assessment proceedings, was described too vaguely and indefinitely to subject it to a valid assessment, or to fix the owners' personal liability. The description is "a tract of land fronting 192.5 feet on the east side of Broadway Street in the City of Houston, Harris County, Texas, as described in Vol. 522, Page 578, Harris County Deed Records, and against the owner or owners thereof, Zerline Rodgers Lofstedt et vir, C. J. Lofstedt." The deed in question is a partition deed between Mrs. Lenora Rodgers and her two daugh-

ters, Zerline Rodgers McDuffie, and Mildred Rodgers Hesser, dividing a six acre tract. The partition deed divided the tract into three parts, by metes and bounds, each having a frontage of 192.5 feet on the east side of Broadway Street. The test in such cases is that the description must be sufficient to enable a person familiar with the property described to be able to identify it from the description given. See Allday v. Whittaker, 66 Tex. 669, 1 S.W. 794. Since the lot set aside to Zerline Rodgers McDuffie could be located by metes and bounds from the deed referred to, it meets the requirement of the aforesaid test. It is defendants' contention that since they pled and proved that prior to the assessment Mrs. Rodgers had died intestate, and cast the inheritance of an undivided interest in the adjoining lot on Mrs. Lofstedt, which also fronted on the east side of Broadway Street a distance of 192.5 feet, this created such an ambiguity or vagueness that it was impossible to tell which lot was meant. None of this matter claimed to create vagueness appears from the deed, and cannot be imported into the deed for the purpose of making the description which is there certain as it is written, uncertain.

■ Plaintiff proved without dispute, by disinterested witnesses, that $500 was reasonable attorneys' fees. Without holding that it is a universal rule that where a specified sum is named by disinterested attorneys as reasonable attorneys' fees, and such testimony is undiputed, that the court is justified in finding such attorneys' fees to be reasonable, we see no reason in this case why the court should not have found said sum to be reasonable attorneys' fees. The jury had no reason for finding otherwise, and to have done so would have been arbitrary. And we overrule defendants' points based thereon.

■ Defendants contend that under Sections 560 and 526 of the "Soldiers, etc., Act of 1940", 50 U.S.C.A.Appendix, the court could not render judgment, so far as it applies to Carl Frederick, for the judgment to bear interest at a rate greater than 6% per annum. We overrule the point. The assessment was made, so far as personal liability goes, against Mrs. Lofstedt, in her lifetime. And the judgment, both as to principal and interest, is limited so that it can only be made out of property she left (or its value if property she left is not applied to the payment of such judg-

ment). Carl Frederick came into the property, which was possessed by his mother, after her death, and the property was liable for the payment of her obligations. Properly considered, the judgment is not against Carl Frederick at all, but fixes an obligation for which his mother incurred liability during her lifetime, and limits liability therefor to property which she left.

■ Defendants pled as a defense that the contract was not substantially complied with in that plaintiff refused to pave the property immediately in front of the other side of the street to defendants' damage, and the court struck such defense from defendants' answer. We think that the authorities relied on by defendants do not sustain their position, and we sustain the action of the trial court in striking such pled defense, from answer of defendants.

■ Defendants contend that the writ of attachment should have been quashed, and that the judgment establishing and foreclosing an attachment lien was therefore erroneous. One of the grounds of the motion to quash the writ of attachment was to the effect that the affidavit upon which the writ was issued did not allege that the attachment was not sued out for the purpose of injuring and harassing the defendant, C. J. Lofstedt; but merely stated that it was not sued out for the purpose of injuring and harassing the defendant Zerline Rodgers Lofstedt.

We believe the court should have sustained the motion to quash. Upon the face of the petition C. J. Lofstedt was as much alleged to be the debtor of plaintiff as Mrs. Lofstedt. Under authority of Buerger v. H. C. Wells, 110 Tex. 566, 222 S.W. 151, we sustain defendants' point complaining of the court's action overruling motion to quash, and adjudging the establishment and foreclosure of an attachment lien. See also, Perrill v. Kauffman, 72 Tex. 33, 12 S.W. 125; Spencer v. Davis, Tex.Civ.App., 298 S.W. 443. We are not to be understood as intimating that any of the property left by Mrs. Lofstedt passed into defendants free of her debts, other than the exempt homestead.

■ Among the defenses pled by defendants, and which the court struck from their answer and refused to hear evidence on, was the plea to the effect that time was the essence of the paving contract. Defendants pled that the extensions of time granted by the City Council were made

without due regard for the rights of abutting owners, and that the approval of the paving by the City Council was "arbitrary and capricious and without due regard to the rights of defendants and other abutting property owners; that defendants lost the use and enjoyment of their homestead property for a period of several months * * * as a proximate result of said delay. * * *" Defendants further pled that the paving company was aware of the consequence of such delay to defendants.

It seems apparent to us that the defense as pled asserts a state of facts within the ruling made in Fisher v. L. E. Whitham & Co., 120 Tex. 516, 39 S.W.2d 869, 876, 79 A.L.R. 1095. In that case, however, there was no contention made that time was made of the essence of the contract. And it was there held that it would "constitute an abuse of discretion on the part of the city, and the exercise of municipal power in a capricious and arbitrary manner so far as the property owner is concerned, for the city to attempt to bind him to pay a paving certificate * * * after an unreasonable time has elapsed * * * where in the meantime conditions have changed as regards the rights of the property owner, with resultant loss to him" and this known to the paving company. We have concluded that defendants were entitled to the benefit of their pled defense. Whether the defense, if established, entitled defendants to the full extent of their damages, or whether they would be entitled to a pro rata share of the penalty, or what rights they might have, we do not determine.

■ Another defense which the court struck from defendants' answer was a plea to the effect that the paving contract was void in that the Comptroller of the City of Houston did not join therein. Defendants cite Section 19, Article 2 of the City Charter providing no contract where more than a thousand dollars is involved shall be binding on the City unless it has been signed by the Mayor and countersigned by the Comptroller. And they cite authorities the tenor of which tend to support their point. Plaintiff's only answer is to take the position that in order to have preserved the point, defendants were bound to introduce proof to the allegations of the plea and include the same in their bill of exceptions saving the point, and, in the absence of doing so, the point is not preserved. We disagree with this position.

By striking the plea the court thereby held that there was no need for defendants to prove the allegations, for, if true, they constituted no defense. Since plaintiff has presented no answer which touches the point, we sustain the same and hold that the court erred in striking said plea. Plaintiff may, however, upon motion for rehearing, present its argument and authorities against the point, if any it has, other than the position that the point has not been preserved.

For the errors pointed out, the judgment of the trial court must be reversed and the cause remanded for further proceedings in the light of this opinion.

Reversed and remanded.

### On Motion for Rehearing.

■ We find that the trial court correctly held that the plea by defendants (appellants) presented no defense, in so far as it pled: that plaintiff's suit is based on a paving certificate issued under and by virtue of a paving contract within the City of Houston as set forth in the petition, and that said contract and all proceedings thereunder are void because under the Charter of the City of Houston the City Comptroller is required to join in all such contracts as a prerequisite thereto, and certify that all funds necessary therefore are available for carrying out said contract, and in the absence of which the paving certificate, contract and all proceedings thereunder are void. See Sections 7 and 8, IV A of the Charter of Houston; Scanlan v. Gulf Bitulithic Co., Tex.Com.App., 44 S.W.2d 967, 80 A.L.R. 852; Scanlan v. Continental Inv. Co., Tex.Civ.App., 142 S.W.2d 432, dis. correct judgment. In the last cited case, 142 S.W.2d at page 436, it was said: "It can work no harm on the property owner to be required to make his objection before the paving is laid, and it is not right to permit him to gamble on getting improvements to his property at the expense of the paving contractor by urging objections which, if valid, could as well have been urged before the paving was laid."

Since said plea presented no defense the court correctly ordered it stricken from the answers.

The original opinion is therefore corrected to the extent indicated.

Appellee's motion for rehearing is refused.