**MUNICIPAL ASSESSMENT COMPANY, Appellant,**

v.

**GODFREY MOTOR COMPANY, Inc., et al., Appellees.**

No. 7617.

Court of Civil Appeals of Texas.

Amarillo.

May 16, 1966.

Rehearing Denied June 20, 1966.

---

Lovell, Lyle, & Cobb, Dumas, for appellant.

R. C. Hamilton, Amarillo, on the motion for rehearing only.

DENTON, Chief Justice.

Suit was brought by Municipal Assessment Company against Godfrey Motor Company, a corporation; J. Fike Godfrey; Katherine Godfrey, a widow; Jane Godfrey, a feme sole; and Louis Alaniz, for an amount due upon a paving certificate and foreclosure of an assessment lien against certain described property in the city of Spur, Texas. Trial was to the court without a jury. The court entered judgment foreclosing the assessment lien and awarded appellant attorneys' fees, but refused to enter a personal judgment against the Godfreys. Appellees have filed no brief.

This suit was brought under Article 1105b, Vernon's Ann.Civ.St. There is no question raised relative to the validity of the proceedings under which the city of Spur issued the paving assessment certificate and its assignment to appellant. According to the agreed statement of facts, there was no genuine fact issue as to any material fact. The sole question to be determined is whether or not the trial court erred in failing to enter a personal judgment against J. Fike Godrey, Katherine Godfrey and Jane Godfrey.

The assessment certificate issued on April 30, 1963 showed Godfrey Motor Company to be the owner of the property. Prior to that time Godfrey Motor Company was a partnership composed of W. F. Godfrey and one other person. On December 24, 1959 Mr. Godfrey died, dissolving the partnership. Defendants J. Fike Godfrey, Katherine Godfrey and Jane Godfrey then became owners of the property. Godfrey Motor Company was the record title holder, but it is conceded these three named defendants were the true owners of the property on the date the assessment certificate was issued. Louis Alaniz became owner of Godfrey Motor Company subsequent to the filing of this suit. Appellant sought no personal judgment against the Godfrey Motor Company or Alaniz.

■ From the agreed statement of facts it is noted the three appellees contended in the trial court that since the assessment certificate named Godfrey Motor Company as owner of the property, when in fact these appellees were the true owners, the assessment is void and unenforceable as a personal liability against them. This same contention was rejected in Uvalde Construction Company v. Joiner, 132 Tex.

593, 126 S.W.2d 22 (Opinion adopted). That was a case where one Boyd was named in the assessment certificate as the owner while Joiner's name, the true owner, was not mentioned. In reversing the Court of Civil Appeals the court held: "We do not agree with the holding that the proceedings and the certificate were void because of this error in naming the true owner of the property. We must presume in support of the trial court's judgment that it was established upon the trial that Joiner was the true owner of the lot." In upholding the trial court's personal judgment against Joiner the court held: "The statute under which the city proceeded, Vernon's Ann.Civ. St. art. 1105b, provides in Section 6 thereof that, 'Any assessment against abutting property shall be a first and prior lien thereon from the date improvements are ordered, and shall be a personal liability and charge against the true owners of such property at such date, whether named or not.' This language calls for no construction. It has been upheld by this court as against an attack upon its constitutionality and has been enforced in accordance with its plain terms. Smithey v. Shambaugh, 126 Tex. 396, 88 S.W.2d 475, and West Texas Construction Co. v. Adams, Tex.Civ. App., 54 S.W.2d 547, affirmed by memorandum opinion in Shirey v. West Texas Construction Co., 126 Tex. 173, 54 S.W.2d 547, 86 S.W.2d 1115."

Smithey v. Shambaugh, 126 Tex. 396, 88 S.W.2d 475, cited with approval in the Joiner case also passed on this question. There C. W. Hurley, a lienholder of the property involved, was not named in the certificate. In holding Hurley personally liable the court held: "In the present instance, the paving certificate [contained] the recitals provided in the last-named section, and nothing appears in the entire act to show that the Legislature meant to limit the probative force of the recitals to such as are named in the certificate." Appellees' contention is without merit.

Appellees also contend the assessment is void and unenforceable as a personal liability against them for the reason they were joint owners of the property and the certificate did not state each owner's interest separately. Smithey v. Shambaugh (supra) also passed upon this question. There it was contended Section 11 of Article 1105b was unconstitutional in that it was a violation of Article 8, Section 1 of the State Constitution, Vernon's Ann.St which requires all taxation to be equal and uniform; and that Section 11 of the Act was not authority for the making of a joint or lump sum assessment against joint owners. Section 11 reads: "Assessments against several parcels of property may be made in one assessment when owned by the same person, firm, corporation or estate, and property owned jointly by one or more persons, firms, or corporations, may be assessed jointly." The court upheld the constitutionality of the Act, and overruled the contention the Act provided no authority to assess jointly. In so holding the court used the following language:

"In the light of these provisions, and of the character of cotenancy involved in the particular clause of section 11 under consideration, it becomes reasonably clear that the Legislature intended that the joint assessment provided in this clause shall have effect to charge the undivided interest of each cotenant in the common property with a proportionate amount of the assessment, and to impose on the cotenant a corresponding personal liability. Neither of said provisions of the Constitution is offended, for the reason that personal liability in each instance is in accordance with benefits accruing to the cotenant, and extends no further than the amount he justly owes. The charge against his property is commensurate with his personal liability. He has the right to discharge the assessment lien from his undivided interest in the common property by paying his portion of the assessment."

Under the plain language of Sections 6 and 11 of Article 1105b, and the decisions cited herein, we are of the opinion the trial court erred in failing to enter a personal judgment against J. Fike Godfrey, Katherine Godfrey and Jane Godfrey in addition to the foreclosure of the assessment lien.

The judgment of the trial court is so reformed and as reformed, affirmed.